UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICKEY WAYNE TOLBERT, JR.
Reg. No. 32656-177,

    Petitioner,

vs.                                              Case No. 5:22-cv-136-TKW/MAL

KEVIN D. PISTRO, Psyd.,
WARDEN, F.C.I. MARIANNA

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

This case is before the Court on "Respondent's Motion to Dismiss Amended 28 U.S.C. § 2241 Petition (Doc. 5) as Successive in Violation of 28 U.S.C. § 2244(a), and in the Alternative, as an Abuse of Writ."[1] Doc. 7. Petitioner has filed a response thereto.[2] For the reasons discussed below, the undersigned concludes that the motion to dismiss should be granted and the petition should be dismissed.

---

[1] Respondent should take greater care with future electronic submissions. It is a waste of judicial resources for the Court to sift through upside down, duplicative or otherwise improperly scanned exhibits. Exhibits 10 and 11, totaling 64 pages, were filed upside down in the electronic record. Exhibits A, C, and D, which comprised Exhibit 10, were filed in duplicate as part of Exhibit 11, along with Exhibit B and Exhibits E through J. Exhibits K, L and P, which were part of Exhibit 12, were also filed in duplicate as part of Exhibit 13. Exhibit Q was scanned in such a way that lines on each page were cut off. Respondent is advised that any such future submissions, upon detection, will require prompt remediation before the case will proceed.

[2] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. See N.D. Fla. Loc. R. 72.2(B); see also 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Procedural History and Background

Petitioner Rickey Wayne Tolbert is an inmate currently incarcerated at FCI Marianna. He is serving an aggregate 204-month (17 year) federal sentence after his March 18, 2005 conviction in the Northern District of Texas of multiple counts of bank robbery and use of a firearm. Doc. 8-8 at 2. Petitioner did not immediately begin to serve his federal sentence, and as a result he currently has a projected release date of April 9, 2027, via good conduct time release. *See* https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results.

Petitioner was arrested on May 12, 2004, on a State of Texas parole violation in Texas State Case No. JD-42441-W (a juvenile conviction for aggravated robbery) and for Assault in Texas State Case No. MA0472473. Doc. 8-8 at 2-3, ¶ 5. On May 21, 2004, Petitioner was sentenced to twelve months of probation in the Assault case. *Id*. at 3, ¶ 6. On June 25, 2004, Petitioner's parole was revoked in Texas Case No. JD-42441-W and he was required to serve the remainder of his state sentence. *Id.* at 3, ¶ 7.[3] He received credit for time spent in state custody from the date of his arrest, May 12, 2004, through his sentencing on June 25, 2004. *Id.* On August 4, 2004, he was transferred to the Texas Department of Criminal Justice ("TDCJ") to serve the remainder of that sentence. *Id.*, ¶ 8.

On August 2, 2004, while Petitioner was in Texas State custody, he was

---

[3] Petitioner was paroled on April 23, 2002. *See* Doc. 8-10 at 13.

federally indicted for ten counts of bank robbery and using or carrying a firearm during and in relation to a crime of violence in the United States District Court for the Northern District of Texas. Doc. 8-8 at 3-4, ¶ 9. The offense conduct took place between February and April of 2004. N.D. Tex. Case No. 3:04-cr-278-R, ECF No. 26. The United States Marshal Service ("USMS") took Petitioner into temporary federal custody pursuant to a writ of habeas corpus ad prosequendum on September 8, 2004. Doc. 8-8 at 4, ¶ 9. Petitioner entered a guilty plea on November 9, 2004, and the court sentenced him on March 18, 2005. *Id.* at 4, ¶ 10. On April 8, 2005, the USMS transferred Petitioner back to the TDCJ for service of his existing Texas State sentence. *Id.*

The TDCJ credited Petitioner with all time he spent in service of his Texas State sentence from the time he was sentenced through January 30, 2011, the date his sentence expired, including his time in temporary federal custody pursuant to the writ. Doc. 8-8 at 5, ¶ 12.

On August 12, 2010, while Petitioner was still serving his sentence in Texas Case JD-42441-W, (but after his federal sentencing), he was sentenced in another case, Texas State Case No. #08F0794-102, to a five-year term of imprisonment for Prohibited Substances in a Correctional Facility. Doc. 8-8 at 5, ¶ 13. The Texas court ordered this sentence to run consecutive to the sentence Petitioner was then serving. *Id.* Petitioner began serving the Prohibited Substances sentence on January 30, 2011,

when his prior sentence in Texas State Case JD-42441-W expired. *Id.*

Petitioner satisfied the five-year sentence for his Texas State Case #08F0794-1 on July 26, 2012. Doc. 8-8 at 5, ¶ 14. He remained in state custody pending resolution of his probation revocation in Case MA0472473 (Assault). *Id.* His probation was revoked, and he was sentenced to 160 days of imprisonment, which was deemed to have already been served. *Id.* Petitioner was released from custody on August 1, 2012.[4] *See* Doc. 8-11 at 27; Doc.8-13 at 12.

Petitioner was arrested on November 7, 2013 by the USMS for service of his federal sentence. Doc. 8-8 at 6, ¶ 15; Doc. 8-11 at 27.

During Petitioner's federal incarceration, he has repeatedly sought credit for time he spent in service of his state sentence. Through the administrative remedy process, Petitioner requested pre-sentence credit toward his federal sentence, which the BOP considered as a request for a *nunc pro tunc* ("now as in the past") designation. Doc 8-8 at 7. As a result of Petitioner filing administrative remedies, the BOP's Designation and Sentence Computation Center ("DSCC") sent a letter to Petitioner's federal sentencing court on April 9, 2018 seeking clarification as to this issue. Doc. 8-8 at 7, ¶ 19; Doc. 8-10 at 6-10. The sentencing court did not respond. Doc. 8-8 at 7, ¶ 19.

---

[4] Ms. Hassler's affidavit indicates Petitioner was released from custody on August 1, 2002, which the undersigned assumes should have read August 1, 2012.

On November 12, 2020, the BOP sent an additional letter seeking to ascertain the sentencing court's intention with regard to credit for time served on Texas State sentences. Doc. 8-12 at 9-11. On November 16, 2020, Petitioner's federal sentencing court issued an order stating in part "The court GRANTS the motion for order *nunc pro tunc* and finds that Tolbert should receive a retroactive designation that the federal sentence imposed in this case shall run concurrent with Tolbert's state term." *United States v. Tolbert*, N.D. Tex. Case 3:04cr278-G, ECF No. 56 at 3 (Nov. 16, 2020).[5] The following day, the Texas court entered an additional order clarifying that "Tolbert's federal sentence shall run concurrently with his *later imposed* state sentences." Doc. 8-13 at 46 (emphasis added).

Petitioner's federal sentence was computed and audited, and the BOP determined his release date to be April 9, 2027. Doc. 8-8 at 8, ¶ 23. According to Respondent, Petitioner's federal sentence commenced on January 30, 2011, "as this is the date, after clarification from both he TDCJ and Petitioner's federal sentencing court to be appropriate for his *nunc pro tunc* designation for service of his federal sentence with the state of Texas." Doc. 8-9 at 4, ¶ 7. Petitioner also had "inoperable" time from August 2, 2012 through August 7, 2013 and August 10, 2013 through November 6, 2013, during which he had been erroneously released from Texas

---

[5] The undersigned has cited the Texas court's opinion directly because relevant portions of the text were missing from Exhibit Q, as submitted by Respondent. *See* Doc. 8-13 at 43.

States custody and not transferred to federal custody. Doc. 8-8 at 8, ¶ 23; Doc. 8-11 at 27.

## II.   Legal Analysis

Petitioner's amended §2241petition purports to raise six claims for relief. Doc. 5. Each ground is styled "Violation of due process and right to freedom, 14th Amendment." *Id.* at 3-5. The supporting facts are repetitive and overlapping, and all relate to the interplay between Petitioner's federal sentence and time served in Texas State custody.

Petitioner's claims are as follows:

>1. The BOP is not properly calculating Petitioner's sentence under *nunc pro tunc* orders, which clarified Petitioner should receive a retroactive designation and concurrence with later imposed sentences.
>
>2. The BOP's decision to commence Petitioner's federal sentence on January 30, 2011, the date his initial state parole revocation expired, does not afford him proper jail credit for time served between May 12, 2004 and January 30, 2011.
>
>3. Petitioner's federal sentence should have commenced on March 18, 2005 according to *nunc pro tunc* orders.
>
>4. Petitioner should have received credit for time spent in custody between May 12, 2004 and January 30, 2011.
>
>5. Petitioner should receive credit for time spent in custody both before and after his federal sentencing between May 12, 2004 and January 30, 2011.

> 6. Petitioner's current release date of April 9, 2027 is "extremely overdue" if proper jail credit is applied to his sentence.

Respondent concedes Petitioner has exhausted his administrative remedies with respect to the sentence computation issues presented in his petition. Doc. 8-8 at 2; Doc. 8-11 at 6-11. However, Respondent argues Petitioner's challenge to the BOP's calculation of his sentence is successive and/or an abuse of the writ because Petitioner has previously challenged the same sentence computation in the Western District of Louisiana (Docs. 8-1, 8-2, 8-3) and again in the District of Kansas (Docs. 8-4—8-7). In the latter case, Petitioner appealed, and the Tenth Circuit affirmed the "thorough and well-reasoned" opinion issued by the District of Kansas. Docs. 8-6, 8-7.

> Title 28 U.S.C. § 2244(a) provides:
>
> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). The Supreme Court has developed principles limiting the review of second or subsequent habeas petitions. *Stanko v. Davis*, 617 F. 3d 1262, 1269 (10th Cir. 2010) (citing *McCleskey v. Zant*, 499 U.S. 467, 479-488 (1991)

(discussing development of principles).[6] A federal court may "decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determine[s] that hearing the claim would serve the interests of justice." *Stanko*, 617 F. 3d at 1269 (citing *McCleskey*, 499 U.S. at 480-82.) The Court did not adopt a strict principle of *res judicata*, but noted that a prior adjudication bears "vital relevance to the exercise of the court's discretion in determining whether to consider" a second petition. *McCleskey*, 499 U.S. at 482.

Respondent asserts the instant petition is a successive claim that should be dismissed. *Watson v. Coleman Warden*, 644 F. App'x 996, 998-1000 (11th Cir. 2016) (holding petitioner's claim that his sentence was miscalculated was a successive habeas claim subject to dismissal and a new related claim could have been raised earlier and was an abuse of the writ). Alternatively, Respondent claims the instant petition is an abuse of the writ. *See Scott v. United States*, 890 F. 3d 1239, 1249 (11th Cir. 2018) (under abuse of the writ doctrine, court must look to the substance of the claim and "decide whether the petitioner had a full and fair opportunity to raise the claim in the prior application.") (quoting *Magwood v. Patterson*, 561 U.S. 320, 345 (2010) (Kennedy, J. dissenting) (citing *Panetti v. Quarterman*, 551 U.S. 930, 947 (2007)); *Glumb v. Honsted*, 891 F. 2d 872, 873 (11th

---

[6] Respondent's motion purports to quote *McCleskey* directly, when actually the quoted language is taken verbatim from *Stanko* and is not part of the *McCleskey* opinion.

Cir. 1990) (abuse of writ occurs when a "new" claim was available but not raised in a previous petition). The undersigned concurs that Petitioner's claims, or some variation thereof, were or could have been raised previously. Additionally, they are without merit.

Petitioner's first claim, that the BOP is not properly calculating his sentence because he should receive "concurrence with later imposed sentences," is mistaken. As explained above, his federal sentence was deemed to have begun on January 30, 2011, when his initial state revocation expired. Therefore, he received credit for time served on his "later imposed sentence" for prohibited substances in a correctional facility, which occurred after his federal conviction.

Petitioner's second, fourth, and fifth claims assert he did not receive proper credit for time served between May 12, 2004 and January 30, 2011. As noted above, the TDCJ credited Petitioner with all time he spent in service of his Texas State sentence from the time he spent in state custody from the date of his arrest, May 12, 2004, through sentencing in June of 2004, and until January 30, 2011, the date his sentence expired, including his time in temporary federal custody pursuant to the writ. Doc. 8-8 at 5, ¶ 12; *Id.* at 3, ¶ 7. He received credit he was due from the TDCJ and he was not entitled to "duplicate" federal sentencing credit under the circumstances of this case.

Petitioner's third claim, that his federal sentence should have commenced on

March 18, 2005 according to *nunc pro tunc* orders misreads the court's orders, as explained above.

Petitioner's sixth and last claim, that his April 9, 2027 sentence is extremely overdue if proper jail credit is applied, does not afford him relief based on the Court's finding that proper credit has been applied.

Petitioner claims in his reply that the BOP had discretion to designate a state facility for service of a federal sentence and thus to make his State and Federal sentences run concurrently in practical effect. Doc. 13 at 3. He asserts the BOP abused its discretion by choosing not to do so, despite the sentencing court's clarification that this was not its intent. Petitioner cites an unpublished case from this district in support of his position. *Richardson v. United States*, Case 4:02cv298/RH/WCS, 2005 WL 2406039 (N.D. Fla. Sept. 29, 2005). *Richardson* is not binding. *MSP Recovery Claims, Series LLC v. Hanover Ins. Co.*, 995 F.3d 1289, 1296 (11th Cir. 2021) ("A district court's decision does not bind this Court, the district court issuing the decision, or even the judge who made the decision.") Even if it were, it does not support Petitioner's position in this case.

The court in *Richardson* noted that the proper implementation of a federal sentence is an issue for federal authorities, and a state court's decision regarding concurrency need not be followed. *Richardson*, 2005 WL 2406039, *3. The court posited that a "sounder approach, when sentences are imposed at different times and

the first court did not anticipate that a second sentencing would occur, might be to run the sentences concurrently or consecutively as directed by the *second* court, state or federal." *Id.* at *4. In Petitioner's case, with respect to his state parole violation, the federal district court was the "second court," and the federal district court made clear that its sentence was to run concurrently only with "later imposed state sentences." Doc. 8-13 at 46. The sentence was intended to run consecutively to Petitioner's previously imposed sentences, exactly as the BOP has done. There was no abuse of discretion.

Petitioner relies on a second unpublished case from this district, *Irish v. Augustine*, Case 5:11cv141/RH, which is also distinguishable. In *Irish*, petitioner was sentenced "in separate criminal cases in federal and state court for crimes committed at the same time as part of the same episode." Case 5:11cv141/RH, ECF No. 40 at 1. The federal judge sentenced Irish first, "intending for the federal and state sentences to run consecutively or concurrently as determined later by the state sentencing judge," and the state judge explicitly imposed a concurrent sentence. *Id.* Case 5:11cv141/RH, ECF No. 40 at 1. The reviewing court noted the BOP has discretion to designate a state facility for service of a federal sentence, even after the fact, and thus to make state and federal sentences run concurrently. Because the BOP did not do this, the court granted the writ and directed respondent to release petitioner when he had completed service of the federal sentence. *Id.* at 2. The critical

difference between *Irish* and the case at bar is petitioner Irish was sentenced in both state and federal court for crimes committed as part of the same episode. Under no version of the facts could the bank robberies Petitioner committed between February and April of 2004 be deemed part of the "same episode" as Petitioner's original juvenile offense. Furthermore, there was no court order in this case that Petitioner's federal sentence be served concurrently with his sentence on his parole violation.

### III. Conclusion

Based on the foregoing, the undersigned concludes that the motion to dismiss should be granted and the amended petition pursuant to 28 U.S.C. § 2241 should be dismissed. The claims Petitioner raises therein are either successive or an abuse of the writ for his failure to raise them previously, and Petitioner has not shown that he has suffered an "unconstitutional loss of liberty." *McCleskey*, 499 U.S. at 495 (citation omitted).

Accordingly, it is respectfully **RECOMMENDED** that:

1. Respondent's "Motion to Dismiss Amended 28 U.S.C. § 2241 Petition (Doc. 5) as Successive in Violation of 28 U.S.C. § 2244(a), and in the Alternative, as an Abuse of Writ" (Doc. 8) be **GRANTED**.

2. The amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 5) be **DISMISSED**.

3. The Clerk of Court be directed to close the file.

At Gainesville, Florida, on January 24, 2023.

                                     s/ *Midori A. Lowry*
                                     Midori A. Lowry
                                     United States Magistrate Judge

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.